UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
FRIDA ROSENBLUM,

                                                          Plaintiff,

      -against-

                                                             **DEMAND FOR JURY TRIAL**

KONINKLIJKE PHILIPS N.V., PHILIPS NORTH
AMERICA LLC, PHILIPS HOLDING USA, INC, and
PHILIPS RS NORTH AMERICA LLC,

                Defendants.
-------------------------------------------------------------------------x

        Plaintiff, FRIDA ROSENBLUM, by her attorneys, GOIDEL & SIEGEL, LLP, as and for her complaint against defendants, KONINKLIJKE PHILIPS N.V., PHILIPS NORTH AMERICA LLC, PHILIPS HOLDING USA, INC., and PHILIPS RS NORTH AMERICA LLC, and alleges the following upon information and belief:

## **NATURE OF THE ACTION**

        1.     This is a civil action brought by Plaintiff, FRIDA ROSENBLUM (hereinafter "Plaintiff") against defendants, KONINKLIJKE PHILIPS N.V. (hereinafter "Philips NV"), PHILIPS NORTH AMERICA LLC (hereinafter "Philips NA"), PHILIPS HOLDING USA, INC. (hereinafter "Philips Holding"), and PHILIPS RS NORTH AMERICA (hereinafter "Philips RS") (hereinafter, collectively referred to as "Philips" or "Defendants") for personal injuries suffered by Plaintiff because her use of a Continuous Positive Airway Pressure device designed, manufactured, distributed, sold and injected into the stream of commerce by Defendants, which failed to function as designed, intended, represented, and warranted by Defendants.

## PARTIES

2. Plaintiff is an individual and a resident of the State of New York, County of Queens.

3. Defendant Philips NV is a public, foreign corporation headquartered in Amsterdam, Netherlands.

4. Defendant Philips NA is a Delaware corporation with its principal place of business in Cambridge, Massachusetts. Philips NA is a wholly owned subsidiary of Philips NV. Upon information and belief, Philips NA manages the operation of Philips NV's North American lines of business.

5. Defendant Philips Holding is a Delaware corporation with its principal place of business located in Cambridge Massachusetts. Philips Holding is a holding company that is the sole member of Defendant Philips NA.

6. Defendant Philips RS is a Delaware corporation with its principal place of business located in Pittsburgh, Pennsylvania. Philips RS was formerly operated under the business name Respironics, Inc (hereinafter "Respironics").

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

8. Specifically, as alleged herein, Plaintiff is a citizen of New York and Defendants are citizens of the Netherlands and the States of Delaware, Massachusetts, and Pennsylvania.

9. This court has personal jurisdiction over Defendants because Defendants conduct substantial business in this District, and the events giving rise to Plaintiff's claims arise out of and relate to Defendants' contacts with this District. Plaintiff received all treatment related to the claimed injuries in this District. Defendants' affiliations in this District are so continuous and systematic as to render them at home in the forum state.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c).

## GENERAL ALLEGATIONS

11. On or about January 28, 2019, Plaintiff Freda Rosenblum was prescribed a Continuous Positive Airway Pressure ("CPAP") device to help treat obstructive sleep apnea ("OSA").

12. Plaintiff was provided a Philips Respironics DreamStation CPAP machine (the "Subject Device"). The Subject Device was designed and sold by Defendants to provide treatment for diseases such as OSA.

13. On or about June 30, 2021, the U.S. Food and Drug Administration ("FDA") alerted patients who use Philips Respironics CPAP, BiPAP, and ventilators of a recall of certain devices (the "Recall") manufactured between 2009 to April 2021. The Subject Device was one of the devices subject to the Recall.

14. As a result of the Recall, Defendants sent Plaintiff a notice that certain devices, including the Subject Device, was recalled. The notice informed patients the recall was due to issues relating to the polyester-based polyurethane (PE-PUR) sound abatement foam used in Philips CPAP and other devices. It was noted that the PE-PUR foam could degrade into particles which could be inhaled or ingested by the users and the PE-PUR foam may give gas off certain chemicals. In addition, the notice informed patients the PE-PUR defects could cause "serious

injury which can be life-threatening, cause permanent impairment, and/or require medical intervention to preclude permanent impairment" and that Philips has received complaints regarding the presence of "black debris" within the airpath circuit. The notice goes on to inform the patient of reports they have received which include, among other infirmities, inflammatory response, irritation, and carcinogenic effects.

15. Plaintiff's use of the Subject Device caused the development of focal polypoid hyperplasia, which are benign as of this date, an E.coli infection of the sinus, and sequelae thereof, including but not limited to severe inflammation, congestion, and pain of the sinus.

16. As a result of her use of the Subject Device, Plaintiff required surgery and weill require continuous future medical care and treatment..

17. Plaintiff's development of focal polypoid hyperplasia, E.coli infection, and sequela thereof, resulting treatment and surgery, and her need for future medical care and treatment would not have occurred but for the defective nature of the Subject Device and Defendants' wrongful conduct.

18. Due to the defective nature of the Subject Device and Defendants' wrongful conduct, Plaintiff has suffered severe injuries and permanent limitations and has undergone significant treatment, including surgery, and will require treatment in the future

## PLAINTIFF'S FIRST CAUSE OF ACTION
## STRICT PRODUCTS LIABLITY

19. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained herein above in paragraphs "1" through "18" inclusive, with the same force and effect as if hereinafter set forth at length.

20. At all times herein mentioned, Plaintiff used the Subject Device for its intended or reasonably foreseeable purpose, without knowledge of its dangerous characteristics.

21. At all times herein mentioned, and at the time of the design, manufacture, distribution, sale and/or use of the Subject Device, the Subject Device was not reasonably safe and fit for the purposes intended nor for reasonably foreseeable purposes and uses.

22. At all times herein mentioned, and at the time of design, manufacture, distribution, sale and/or use of the Subject Device, it was not fit for the purpose intended.

23. At all times herein mentioned, and at the time of the design, fabrication, manufacture, distribution and/or sale of the Subject Device, it failed to meet design-control and manufacturing requirements to ensure that it conformed to the define use, needs, intended purpose and uses.

24. The design of the Subject Device, including, but not limited to, the design incorporating the use of PE-PUR foam, was unreasonably dangerous and defective, resulting in the ingestion and inhalation of degraded PE-PUR foam particulates and chemical emissions.

25. At all times herein mentioned, the Subject Device failed to be accompanied by proper instructions or warnings concerning the use, the dangers and hazards attendant thereto; one or more of which were a substantial factor or a proximate cause of the aforesaid injuries to the Plaintiff.

26. At all times herein mentioned, Defendants knew or should have known that failing to warn or disseminate instructions regarding the serious health risks associated with the Subject Device rendered the Subject Device dangerous and unfit for the ordinary, intended and reasonably foreseeable use.

27. At all times herein mentioned, and at the time of the design, fabrication, manufacture, distribution and/or sale of the Subject Device, Defendants knew or should have

known that the Subject Device presented an unreasonable danger to users when used as intended and in a reasonably anticipated manner.

28. Specifically, at all times herein mentioned, and at the time of the design, fabrication, manufacture, distribution and/or sale of the Subject Device, Defendants knew, or should have known, that the PE-PUR foam incorporated into the Subject Device may break down and release toxic particles and chemical emissions into a device's air pathway, which a person may ingest or inhale resulting in injuries.

29. At all times herein mentioned, and at the time of the design, fabrication, manufacture, distribution and/or sale of the Subject Device, Defendants knew, or should have known, that the Subject Device created a significant risk of bodily harm to consumers and Plaintiff, and Defendants failed to adequately warn reasonably foreseeable users and their health care providers of the inherent risks resulting in significant and life-threatening injuries.

30. Defendants had a duty to warn Plaintiff, and other consumers, of the risk of harm resulting from exposure to PE-PUR foam.

31. At all times herein mentioned, Plaintiff could not have reasonably discovered the defects and risks associated with the Subject Device prior to or at the time of using it and relied upon Defendants to know about and disclose those health risks associated with using the Subject Device.

32. The Defendants are liable to Plaintiff under the doctrine of "Strict Products Liability".

33. That by reason of the aforesaid, Plaintiff has been damaged in an amount that exceeds seventy five thousand ($75,000.00) dollars, and in an amount to be determined at the trial of this matter.

## PLAITNIFF'S SECOND CAUSE OF ACTION
## NEGLIGENCE – DESIGN DEFECT

34. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained herein above in paragraphs "1" through "33" inclusive, with the same force and effect as if hereinafter set forth at length.

35. Defendants designed, manufactured, and marketed the Subject Device and injected it into the stream of commerce.

36. Defendants owed a duty to Plaintiff not to design, manufacture or sell a negligently designed and/or manufactured CPAP machine.

37. Defendants possessed actual or constructive notice that the Subject Device was negligently designed and/or manufactured.

38. As a result of Defendant's negligent design and manufacture of the Subject Device, Plaintiff sustained foreseeable injuries and damages.

39. As a direct and proximate result of Defendants' negligence as aforesaid, Plaintiff was caused to sustain serious personal injury. That by reason of the aforesaid, Plaintiff has been damages in an amount to that exceeds seventy five thousand ($75,000.00) dollars, and in an amount to be determined at the trial of this matter.

## PLAINTIFF'S THIRD CAUSE OF ACTION
## NEGLIGENCE – FAILURE TO WARN

40. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained herein above in paragraphs "1" through "39" inclusive, with the same force and effect as if hereinafter set forth at length.

41.     At all times herein mentioned, Defendants knew of dangers and hazards associated with the use of the Subject Device in the manner it was intended to be used.

42.     Defendants had a duty to warn Plaintiff of the risks and dangers associated with the use of the Subject Device in the manner it was intended to be used or in a reasonably foreseeable manner.

43.     Defendants failed to warn Plaintiff's medical care providers of the risks and dangers associated with the use of the Subject Device in the manner it was intended to be used or in a reasonably foreseeable manner.

44.     As a direct and proximate result of Defendants' failure to warn as aforesaid, Plaintiff was caused to sustain serious personal injury. That by reason of the aforesaid, Plaintiff has been damages in an amount to that exceeds seventy five thousand ($75,000.00) dollars, and in an amount to be determined at the trial of this matter.

## PLAITNIFF'S FOURTH CAUSE OF ACTION
## BREACH OF WARRANTY

45.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained herein above in paragraphs "1" through "45" inclusive, with the same force and effect as if hereinafter set forth at length.

46.     At all times hereinafter mentioned, upon the sale of the Subject Device, Defendants warranted, expressly and impliedly, that said Subject Device was safe, merchantable, suitable and fit for the purpose for which it was intended.

47.     Specifically, Defendants warranted that Plaintiff could use the Subject Device to treat conditions like OSA and did not present an unreasonable danger to users when used as intended and in a reasonably anticipated manner

48. Contrary to the aforesaid warranties, and in breach thereof, and in violation thereof, the Subject Device was unsafe, not merchantable, unsuitable and unfit for its intended purpose due to defects in its design, manufacture and/or construction, causing injury to Plaintiff.

49. As a direct and proximate result of Defendants' breach of both express and implied warranties, Plaintiff was caused to sustain serious personal injury. That by reason of the aforesaid, Plaintiff ahs been damaged in an amount that exceeds seventy five thousand ($75,000.00) dollars, and in an amount to be determined at the trial of this matter.

## JURY DEMAND

50. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff request a Trial by Jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter a final judgment against Defendants as follows:

A.    Ordering compensation for all general, special, incidental and consequential damages suffered by Plaintiff as a result of the acts and omissions of Defendants as set forth above, including but not limited to past and future pain and suffering, past and future medical expenses and other costs or related out-of-pocket expenses, and past and future lost earnings.

B.    Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       January 26, 2022

Jonathan Goidel
**GOIDEL & SIEGEL, LLP**
*Attorneys for Plaintiff*
56 West 45th Street, 3rd Floor
New York, New York 10036
Telephone No.: (212) 840-3737